

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Lauren E. Repole*          *970 Broad Street, Suite 700*      *Direct: (973) 645-2735*
*Assistant U.S. Attorney*      *Newark, NJ 07102*

March 4, 2019

Candace Hom, Esq.
Federal Public Defender's Office
1002 Broad Street
Newark, NJ 07102

*19-406*

Re:   <u>Plea Agreement with Joselito Colindres</u>

Dear Ms. Hom:

This letter sets forth the plea agreement between your client, Joselito Colindres ("COLINDRES"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **March 8, 2019** if it is not accepted in writing by that date.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from COLINDRES to a one-count Information, which charges that he knowingly and intentionally conspired with others to distribute, and possess with the intent to distribute 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), in violation of Title 21, United States Code 846.

If COLINDRES enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against COLINDRES for conspiring to distribute, distributing, or possessing with intent to distribute controlled substances on or about October 21, 2018. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction

entered as a result of this guilty plea does not remain in full force and effect, COLINDRES agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by COLINDRES may be commenced against him, notwithstanding the expiration of the limitations period after COLINDRES signs the agreement.

Sentencing

The violation of 21 U.S.C. § 846 charged in the Information to which COLINDRES agrees to plead guilty carries a statutory mandatory minimum prison sentence of 10 years and a statutory maximum prison sentence of life imprisonment, and carries a statutory maximum fine equal to the greater of: (1) $10,000,000; or (2) twice the gross profits or other proceeds to COLINDRES.

The sentence to be imposed upon COLINDRES is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.  The United States Sentencing Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.  This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence COLINDRES ultimately will receive.

Further, in addition to imposing any other penalty on COLINDRES, the sentencing judge: (1) must order COLINDRES  to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order COLINDRES to pay restitution pursuant to 18 U.S.C. § 3663, et seq.; (3) must order forfeiture pursuant to 21 U.S.C. § 853; and (4) may deny COLINDRES certain statutorily defined benefits pursuant to 21 U.S.C. §§ 862 and 862a.

Pursuant to 21 U.S.C. § 841, the sentencing judge must require COLINDRES  to serve a term of supervised release of at least 5 years, which will begin at the expiration of any term of imprisonment imposed.   Should COLINDRES be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, COLINDRES may be sentenced to not more than 5 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Additionally, if at the time of sentencing the United States is satisfied that the five enumerated characteristics set forth in 18 U.S.C. § 3553(f)(1)-(5) apply to COLINDRES and his commission of the charged offense, the United States will make such a representation to the sentencing court and will recommend that the sentencing court impose a sentence pursuant to the applicable Sentencing Guidelines without regard to any statutory minimum sentence.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on COLINDRES by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of COLINDRES's activities and relevant conduct with respect to this case.

Stipulations

This Office and COLINDRES agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or COLINDRES from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and COLINDRES waive certain rights to file an appeal, collateral attack, writ, or motion after resentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

COLINDRES agrees that as part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853, COLINDRES agrees to forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses charged in the Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses.

COLINDRES further consents to the entry of a forfeiture money judgment in the amount representing the proceeds of the offense charged in the Information and the property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses, pursuant to 21 U.S.C. § 853 (the "Money Judgment"). Payment of the Forfeiture Money Judgment shall be made by certified or bank check payable to the United States Marshals Service with the criminal docket number noted on the face of the check. COLINDRES shall cause said check to be delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

COLINDRES waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, COLINDRES consents to the entry of a Consent Judgment of Forfeiture that will be final as to COLINDRES prior to the sentencing. COLINDRES understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of COLINDRES's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. COLINDRES

hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

<u>Immigration Consequences</u>

COLINDRES understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removal from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. COLINDRES understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. COLINDRES wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. COLINDRES understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, COLINDRES waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

<u>Other Provisions</u>

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities.  However, this Office will bring this agreement to the attention of other prosecuting offices if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against COLINDRES.  This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against COLINDRES.

No provision of this agreement shall preclude COLINDRES from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that COLINDRES received ineffective assistance of counsel.

<u>No Other Promises</u>

   This agreement constitutes the plea agreement between COLINDRES and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

        Sincerely,

        CRAIG CARPENITO
        United States Attorney

        By: _____
        Lauren E. Repole
        Assistant U.S. Attorney

Approved:

_____
Meredith J. Williams
Chief, Narcotics/OCEDEF

I have received this letter from my attorney, Candace Hom, Esq. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: _____6 - 6 - 2019_____
Joselito Colindres

I have read and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: _____6.6-19_____
Candace Hom, Esq.

Plea Agreement with Joselito Colindres

SCHEDULE A

1.  This Office and Joselito Colindres ("COLINDRES") recognize that the United States Sentencing Guidelines are not binding upon the Court.  This Office and COLINDRES nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence COLINDRES within the Guidelines range that results from the total Guidelines offense level set forth below.  This Office and COLINDRES further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.  The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3. The applicable guideline is U.S.S.G. § 2D1.1.

4.  The offense involved 9,868 grams of heroin, a Schedule I controlled substance, and 4,007.6 grams of fentanyl, a Schedule II controlled substance.  Pursuant to Application Note 8(B) of U.S.S.G. § 2D1.1, the amount of heroin and fentanyl shall be converted to their respective drug weights and combined.  1 gram of heroin is equivalent to 1 kilogram.  Accordingly, 9,868 grams of heroin converts to 9,868 kilograms.  1 gram of fentanyl is equivalent to 2.5 kilograms.  Accordingly, 4,007.6 grams of fentanyl converts to 10,019 kilograms.  See U.S.S.G. § 2D1.1, cmt 8(D).

5.  The combined converted drug weight of the heroin and fentanyl is 19,887 kilograms.  Accordingly, the offense charged the Information involved at least 10,000 kilograms, but less than 30,000 kilograms of converted drug weight.  This converted drug weight results in a Base Offense Level of 34.  See U.S.S.G. § 2D1.1 (c)(3).

6.  The parties agree that COLINDRES was a minimal participant in the charged criminal activity.  Accordingly, COLINDRES qualifies for a 4-point reduction pursuant to U.S.S.G. § 3B1.2.

7. The parties further agree that COLINDRES qualifies for an additional 3-point reduction pursuant to U.S.S.G. § 2D1.1(a)(5).

8. Accordingly, based on the aforementioned reductions, the Base Offense Level is 27.

9. Within the meaning of U.S.S.G. § 5C1.2(a)(2), COLINDRES did not use violence or credible threats of violence or possess a firearm or other

- 8 -

dangerous weapon (or induce another participant to do so) in connection with the offense.

10. Within the meaning of U.S.S.G. § 5C1.2(a)(3), the offense did not result in death or serious bodily injury to any person.

11. As of the date of this letter, within the meaning of U.S.S.G. § 5C1.2(a)(4), COLINDRES was not an organizer, leader, manager or supervisor and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

12. Whether COLINDRES meets the criterion set forth in U.S.S.G. § 5C1.2(a)(1) and (5) has not yet been determined.

13. As of the date of this letter, COLINDRES has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if COLINDRES acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

14. As of the date of this letter, COLINDRES has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in COLINDRES's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) COLINDRES enters a plea pursuant to this agreement, (b) this Office in its discretion determines that COLINDRES's acceptance of responsibility has continued through the date of sentencing and COLINDRES therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) COLINDRES's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

15. In accordance with the above, the parties agree that: (a) if the Court finds, pursuant to U.S.S.G. § 5C1.2, that COLINDRES meets the criteria in 18 U.S.C. § 3553(f)(1)-(5), COLINDRES will be entitled to a 2-point reduction in his offense level pursuant to U.S.S.G. § 2D1.1(b)(18), with the result that the total Guidelines offense level applicable to COLINDRES will be 22; and (b) otherwise, the total Guidelines offense level applicable to COLINDRES will be 24 (collectively, the "agreed total Guidelines offense level").

16. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties

further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level set forth in paragraph 15 is reasonable.

       17. COLINDRES knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 24. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from a total Guidelines offense level of 22. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. None of these provisions, however, shall preclude COLINDRES from pursuing, when permitted by law, an appeal, collateral attack, writ, or motion claiming that COLINDRES's guilty plea or sentence resulted from constitutionally ineffective assistance of counsel.